UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELSTON L. PICKFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:11-CV-274 PS |
| vs. | ) |
| | ) |
| ISAAC PRICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Elston L. Pickford, a *pro se* prisoner, alleges that Gary Police Officer Isaac Price used excessive force when he tackled and hit him outside of Methodist Hospital on March 8, 2011. In his complaint, filed pursuant to 42 U.S.C. § 1983, he names two defendants: Gary Police Officer Isaac Price and the Gary Police Department.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff

must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Pickford states that he was wearing an electronic monitoring device when he was leaving the hospital, but he does not state whether he was convicted and serving his sentence on "home detention" or whether he was out on pre-trial release. Nevertheless, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In either case, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, giving Pickford the benefit of the inferences to which he is entitled a the pleading stage of this proceeding, he has stated a claim against Gary Police Officer Isaac Price for an excessive use of force when he tackled and hit Pickford outside of Methodist Hospital on March 8, 2011.

Pickford names one other defendant: the Gary Police Department. In Indiana, however, municipal police departments "are not suable entities." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). The Supreme Court has instructed that local government liability under § 1983 "is dependent on an analysis of state law." *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit, ... or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A "'[u]nit' means

county, municipality, or township," Ind.Code § 36–1–2–23, and a "[m]unicipality" is a "city or town," Ind.Code § 36–1–2–11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued. *See Sow*, 636 F.3d at 300; *Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. 2010). Therefore Pickford cannot state a claim against the Gary Police Department.

For the foregoing reasons, the court:

(1) **GRANTS** Elston L. Pickford, leave to proceed against Gary Police Officer Isaac Price for an excessive use of force in violation of either the Eighth or Fourteenth Amendments when Officer Price tackled and hit Pickford outside of Methodist Hospital on March 8, 2011;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** defendant Gary Police Department;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Gary Police Officer Isaac Price to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Gary Police Officer Isaac Price; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Gary Police Officer Isaac Price respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Entered: August 8, 2011.     s/ Philip P. Simon
                             PHILIP P. SIMON, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT